Dorothy V. CHAPPELLE, Petitioner,

v.

BOARD OF COMMISSIONERS OF DISTRICT OF COLUMBIA, Respondent.

No. 1572.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 29, 1954.

Decided Jan. 17, 1955.

Herbert P. Leeman, Washington, D. C., for petitioner.

Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Hubert B. Pair and Andrew G. Conlyn, Asst. Corp. Counsel, were on the brief, for respondent.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

1. Code 1951, 40-302.

2. Public Law No. 755, Ch. 1173, 83d Cong., 2d Sess., D.C.Code 1951, § 11-772(e, f).

HOOD, Associate Judge.

Petitioner's motor vehicle operator's permit was suspended for a period of fifteen days by the Director of Vehicles and Traffic. The order of suspension was reviewed and approved by the Commissioners.[1] She has appealed to this court by virtue of the Act of Congress of August 31, 1954,[2] which authorizes us to review orders and decisions of certain administrative agencies of the District.

The order of suspension was under the "point system," which provides for assessment of points against a driver for "moving" traffic violations. Under this system when eight points have accumulated against a driver his operator's permit is suspended; twelve points result in revocation of his permit.[3] The eight points against petitioner were based on three violations, namely, speeding ten to twenty miles over legal speed, three points; speeding ten to twenty miles over legal speed, three points; and passing red light, two points.

Petitioner has made a general assertion that the point system is unconstitutional. She has not argued this contention and we disregard it.

Petitioner's other contentions may be grouped together as a claim of lack of proof before the Director of the basic facts upon which he acted in suspending her permit. At the hearing the only proof of the violations was that disclosed by records of arrest made by the police department and forwarded by it to the Director. These records show, among other things, the date of the arrest, the charge upon which arrested, and the ultimate disposition. In this case the records showed:

(1) Arrested on October 7, 1953, on a charge of speeding 40 miles an hour in a 25 mile zone, and fined $10 in Traffic Court.

3. For a detailed description of the system and its operation, see "The Traffic Point System as used in the District of Columbia," by George E. Keneipp, Director of Vehicles and Traffic for the District of Columbia. Traffic Quarterly. April 1954.

(2) Arrested on December 1, 1953, on a charge of speeding 45 miles an hour in a 25 mile zone, and forfeited $15.

(3) Arrested on May 20, 1954, on a charge of passing a red light, and forfeited $10.

■ The records of arrest are records made by the police department in the regular course of business and we see no reason why they may not be received in evidence before the Director. Indeed, we do not understand the petitioner to question their admissibility, but she does question the conclusiveness given by the Director to the records. With respect to the two instances in which petitioner elected to forfeit collateral, we think she cannot complain if the Director accepted as final and conclusive the charges upon which she was arrested. She was informed of the charges and did not contest them in court, but elected to forfeit the collateral fixed for such charges. Having seen fit not to contest the charges in court, she had no right to contest them before the Director.

■ The charge which was contested in court presents a different problem. The arresting charge was speeding forty miles an hour in a twenty-five mile zone, but in court the charge, as shown by the information, was speeding "at a greater rate of speed than twenty-five miles an hour."[4] It was on this charge that petitioner was found guilty and a fine imposed. Obviously the charge on which she was arrested and the charge on which she was found guilty are quite different in degree. One is a charge of traveling at forty miles an hour; the other is a charge of traveling in excess of twenty-five miles an hour. Under the point system that difference is of great importance, because under that system three points are scored against the driver for speeding ten to twenty miles per hour over the legal speed, but only one point is scored against him when the illegal speed is less than ten miles in excess of the legal speed.

It is probably a fair assumption that when the court charge was tried the arresting officer testified to a speed of forty miles and that petitioner testified to a lesser speed, but it cannot be fairly assumed that because petitioner was found guilty, the trial court found the speed to be forty miles. On the court charge, a finding of a speed in excess of twenty-five miles warranted a finding of guilt. Therefore we hold that the Director could not accept the finding of guilt as proof that petitioner was guilty of speeding at forty miles an hour. Nor could the Director accept the arresting charge, which had been contested in court, as proof of a speed of forty miles. Proof of arrest on a charge does not constitute proof of guilt of the charge.

On the record before him, the Director was justified in assessing only six points against petitioner and it follows that the order of suspension was erroneous. The case is remanded with instructions to set aside the order of suspension.

QUINN, Associate Judge, concurring: I agree with my colleagues that based upon the record before us the order of suspension must be set aside. But I would go a step further and would recommend that the Municipal Court adopt the practice, in speeding cases, of making findings as to excessive speed, in miles per hour, of which a defendant is being convicted, and entering such findings on the information, or elsewhere in its records. This procedure, in my opinion, would eliminate what has occurred in this case. Such findings could not thereafter be challenged before administrative tribunals.

4. The information was not before the Director, but we have examined it.