John Henry LAMBERT, Petitioner,

v.

BOARD OF COMMISSIONERS OF DISTRICT OF COLUMBIA, Respondent.

No. 1663.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 29, 1955.

Decided Sept. 23, 1955.

John Henry Lambert, petitioner, pro se.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent. Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for respondent.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

As a result of various traffic violations, petitioner was notified by the Director of Vehicles and Traffic of a proposal to revoke his motor vehicle operator's permit. A hearing was held before an examiner resulting in the issuance of an order suspending petitioner's permit for a period of ninety days. This order was subsequently reviewed and sustained by the Commissioners of the District of Columbia.[1] Petitioner, having exhausted his administrative remedies, in accordance with Code 1951, Supplement III, § 11–772, now appeals to this court.

The case involves the application of the "point system", a means used by the local government in controlling the privilege of operating motor vehicles in the District of Columbia. Basically, the system provides for the assessing of points against traffic violators, the number of points being determined by the seriousness of the offense. An accumulation of eight points subjects the offender to suspension of his permit; twelve points can result in a revocation of his permit.

1. Code 1951, § 40–302.

In the instant case, notice of proposed revocation issued to petitioner informed him of his having accumulated a total of twelve points. The offenses and the points assessed consisted of passing a stop sign, two points; two charges of passing a red light, four points; turning wrong lane, one point; and backing without caution, on August 29, 1954, five points. This last violation brought about the issuance of the revocation notice and is the one with which we are concerned on this appeal.

At the hearing conducted by the office of the Director of Vehicles and Traffic, certain records of the police department were introduced to prove the various violations. In Chappelle v. Board of Commissioners of Dist. of Col., D.C.Mun.App., 110 A.2d 697, we held this to be proper.

Our petitioner, as in the Chappelle case, objects to the conclusiveness given those records, particularly with respect to the violation of August 29, 1954. On that date a complaint was made to the police department by a woman asserting that petitioner, in operating his vehicle in a reverse motion, struck her and caused her to fall to the ground. The traffic violation notice in the record indicates petitioner was charged with backing without caution, and in the area reading, "If Accident, Check Here", the complaining officer placed a check-mark.

The traffic accident report, completed by the same officer, likewise indicates an accident involving a pedestrian. Petitioner denied having struck the woman and was required to post collateral in the amount of $25. However, petitioner then elected to forfeit this collateral and did not contest the charge in court.

The importance of the determination as to whether an "accident" took place can readily be seen from the table of points in effect at the time of the hearing. Certain violations, backing without caution being one, *not* contributing to an accident would merit an assessment of only one point, whereas the same violation contributing to an accident, with a collateral forfeiture or fine amounting from $25 to $49 inclusive, merited an assessment of five points. Petitioner claims that prior to his election to forfeit the collateral, there was a mutual understanding between him and the office of the Corporation Counsel that the "charge of an accident" would be withdrawn. There is nothing in the record to support this contention and we therefore cannot consider it on this appeal. Having elected to forego the opportunity to contest the charge placed against him, petitioner cannot now raise objection to the assessment based upon that charge.

Affirmed.