Anthony J. **DE BERNARDO**, Appellant,

v.

William P. **ROGERS**, Attorney General of
the United States, Appellee.

No. 13767.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 27, 1957.

Decided March 27, 1958.

Mr. David Carliner, Washington, D. C.,
with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellant.

Mr. John W. Kern, III, Asst. U. S.
Atty., with whom Messrs. Oliver Gasch,
U. S. Atty., and Lewis Carroll, Asst. U.
S. Atty., were on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER and BASTIAN, Circuit Judges.

WILBUR K. MILLER, Cicuit Judge.

Anthony J. DeBernardo, a native of
Italy, was brought by his parents to the
United States when he was two years
old, arriving in New York June 15, 1912.
Admitted then to permanent residence,
he has lived in this country continuously
since that time.

When he was scarcely more than 21,
DeBernardo had been twice sentenced to
imprisonment for criminal offenses by
New York state courts: in 1927, to a
term of not more than three years on a
plea of guilty to unlawful entry; and in
1931, to a term of 15 years for armed
robbery.

In February, 1932, a warrant of arrest
for deportation was issued by the Assistant Secretary of Labor charging appellant was deportable under § 19 of the Immigration Act of 1917 [1] in that he had
been sentenced to imprisonment more
than once for a term of one year or more

1. Now 8 U.S.C.A. § 1251.

for crimes involving moral turpitude committed after his entry into the United States. Pursuant to a hearing at Sing Sing Prison, a deportation order was entered May 12, 1932, but deportation was deferred until DeBernardo should be released from imprisonment. Later in 1932 he escaped from Sing Sing but was soon recaptured; and on September 4 of that year was sentenced to an additional term of 15 years for robbery committed during the brief time he was at large.

July 30, 1952, the Board of Immigration Appeals vacated the deportation order entered in 1932 and reopened the hearing for the receipt of evidence as to whether under New York law unlawful entry involves moral turpitude. The reopened hearing began September 12, 1952, but was immediately recessed so DeBernardo could obtain counsel. When the reopened hearing was reconvened February 5, 1953, nearly five months later, appellant advised the hearing officer that neither he nor his family had money with which to retain counsel, so that he was still unrepresented. The hearing nevertheless proceeded, and during the course of it another charge was lodged against the appellant based on his robbery conviction in 1932, following his escape from Sing Sing. February 25, 1953, an order of deportation was entered which was affirmed by the Board of Immigration Appeals July 2 of that year.

DeBernardo's subsequent suit against the Attorney General for a declaratory judgment was decided adversely to him by the District Court. He appeals, principally on the ground that he was denied due process when he was not provided with counsel at the deportation hearings.

It is unnecessary to decide whether due process requires that counsel be appointed to represent an indigent defendant in a deportation proceeding, because the facts on which deportation was ordered in this case were not in issue. At the administrative hearings appellant admitted having been sentenced more than once to terms exceeding one year, and copies of the indictments, judgments and sentences were received in evidence. Sumio Madokoro v. Del Guercio, 9 Cir., 1947, 160 F.2d 164; Dengeleski ex rel. Saccardio v. Tillinghast, 1 Cir., 1933, 65 F.2d 440. The legal question whether the crime of unlawful entry involves moral turpitude was an issue before the District Court in the declaratory judgment suit in which DeBernardo was ably represented by an attorney. He was therefore not prejudiced as to that question by being unrepresented at the administrative hearings. United States ex rel. Wiczynski v. Shaughnessy, 2 Cir., 1950, 185 F.2d 347. The District Court's decision that the crime involves moral turpitude was correct. United States ex rel. Meyer v. Day, 2 Cir., 1931, 54 F.2d 336; United States ex rel. Sirtie v. Commissioner of Immigration, D.C.N.Y.1925, 6 F.2d 233.

As the sentences imposed in 1927 and 1931 were sufficient to sustain the deportation order, we do not reach the question whether a third sentence was properly added at the 1953 hearing.

Affirmed.