**Willis DANIELS, Petitioner,**

v.

**DIRECTOR OF VEHICLES AND TRAFFIC OF DISTRICT OF COLUMBIA, Respondent.**

No. 2120.

Municipal Court of Appeals for the District of Columbia.

Argued March 10, 1958.

Decided June 20, 1958.

———◆———

Harvey C. Beavers, Washington, D. C., for petitioner.

Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, Washington, D. C., were on the brief, for respondent.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

A total of twelve points assessed for moving traffic violations results in revocation of an operator's permit under the "point system" in the District of Columbia.[1]

---

5. Id., at pages 452–454.

1. For an explanation of the "point system" see Traffic and Motor Vehicle Reg-

When petitioner accumulated fourteen points, seven of which were assessed for various traffic infractions on October 27, 1956, he was notified his permit would be revoked. Following a hearing in the office of the Director of Vehicles and Traffic, an order of revocation was issued and pursuant to Code 1951, § 11–772 (Supp. VI), this appeal was brought.

At the hearing petitioner attempted to establish that he was in Lorain, Ohio, when the violations of October 27 were committed and that his brother was driving with a duplicate of petitioner's permit. He assigns as error the Director's refusal to consider documentary evidence which he contends would confirm this. This evidence, which does not appear in the record but is attached to the petition for review, consists of the affidavits of petitioner and his brother. In one petitioner states he was employed in Ohio on October 27; in the other his brother states the violations for which the seven points were assessed on that date were committed by him. The remaining document is a 1099 form of the Internal Revenue Service and indicates only that a sum of $11.72 was paid to Willis Daniels in Lorain, Ohio, for transportation between October 23 and December 27, 1956.

 An examination of the affidavits discloses that they were made on a date subsequent to the hearing. No new evidence is presented; the matter contained in them was essentially that urged by petitioner at the hearing. Since the evidence was obviously available at the time of the hearing and could have been submitted in the form of affidavits, we cannot hold that petitioner was prejudiced when the evidence was rejected. As this court pointed out, "The purpose of the hearing is not to retry [the] violations; it is merely to afford the motorist an opportunity to show why,

notwithstanding the violations, he should be permitted to retain his permit." [2] Petitioner was represented by counsel at the hearing and was given full opportunity to present any evidence in extenuation. To permit a reconsideration of evidence offered subsequent to the hearing would only prolong unnecessarily the administrative processes.

° Affirmed.

ulations for the District of Columbia, Part V; Lambert v. Board of Com'rs of District of Columbia, D.C.Mun.App., 116 A.2d 926.

2. Ritch v. Director of Vehicles & Traffic of D. of C., D.C.Mun.App., 124 A.2d 301, 303.