**Edwin Alfred GLENN, Petitioner,**

v.

**COMMISSIONERS OF the DISTRICT OF COLUMBIA and Acting Director of Vehicles and Traffic of the District of Columbia, Respondents.**

No. 2240.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 22, 1958.

Decided Dec. 12, 1958.

Edwin A. Glenn, petitioner, pro se.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondents.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is another case involving the application of the "Point System."[1] Petitioner, a taxicab driver, having accumulated eight points for various moving traffic violations, was notified, following a hearing, that his permit was suspended for a period of twenty days. On review by the Acting Director of the Department of Vehicles and Traffic, the order was sustained and petitioner now seeks judicial review.

Petitioner contends, among other things, that the operation of the "Point System" is unconstitutional because (1) the Commissioners in devising the plan far exceeded the authority Congress intended to delegate them; (2) there is no provision for a jury trial; (3) it discriminates against persons such as taxicab drivers, bus drivers, etc., who drive much more than the average citizen; and (4) the notice sent was defective. He also complains that the present operation of the system inflicts multiple penalties for a single offense on a person subject to its provisions.

Several of these arguments we have already rejected in previous decisions. We held in Ritch v. Director of Vehicles & Traffic of D. of C., D.C.Mun.App.1956, 124 A.2d 301, that the Commissioners did not exceed their delegated authority by enacting the "Point System." We further pointed out that the revocation hearing, like any administrative proceeding, need not afford all the rights, procedures and formalities of a court action in order to meet the requirements of due process; that it is sufficient if there is a "fair hearing." Consequently, petitioner had no right to demand that his cause be heard by a jury. We also ruled that the purpose of license revocation is not to impose an additional penalty on the offender, but to secure a measure of protection for the community from irresponsible drivers.[2]

Petitioner's argument that the notice of proposed revocation was defective is unsound. He claims that it "does not convey the intent of the sender," but we think its meaning is quite clear. Petitioner does not contend that it misled him in any way.

Nor can we agree that the operation of the "Point System" discriminates against persons like petitioner whose employment requires that they drive much more frequently than the average person. It must be remembered that the purpose of the system is not to punish offending drivers but to protect the public. We think the Commissioners are well within the discretion vested in them if they regard a taxi driver who accumulates twelve points in six months as equally dangerous to the general public as the so-called average driver who collects twelve points in

---

1. Prior cases dealing with the operation of the system are: Chappelle v. Board of Commissioners of Dist. of Col., D.C.Mun. App.1955, 110 A.2d 697; Lambert v. Board of Com'rs of District of Columbia, D.C.Mun.App.1955, 116 A.2d 926; Ritch v. Director of Vehicles & Traffic of D. of C., D.C.Mun.App.1956, 124 A. 2d 301; Daniels v. Director of Vehicles

& Traffic of D. of C., D.C.Mun.App.1958, 143 A.2d 95; Tillman v. Director of Vehicles, etc., D.C.Mun.App.1958, 144 A.2d 922.

2. See also, Sturgill v. Beard, Ky.1957, 303 S.W.2d 908; Durfee v. Ress, 1957, 163 Neb. 768, 81 N.W.2d 148.

twelve months. The "Point System" is not a game; it is a serious, intelligent, constructive attempt to promote traffic safety and to correct the deplorable disregard that some drivers display toward traffic regulations. If petitioner wishes to avoid accumulating points more frequently than the average driver, his course is clear: to obey the traffic regulations.

Other errors alleged are without merit.

Affirmed.