Mike GIAIMO

v.

Thomas M. PEDERSON, U. S. Department of Justice, Immigration and Naturalization Service,

and

Oral K. Chandler, Acting District Director, U. S. Department of Justice, Immigration and Naturalization Service.

No. 36053.

United States District Court

N. D. Ohio, E. D.

June 28, 1960.

James J. Carroll, James J. McNamara, Cleveland, Ohio, for plaintiff.

James C. Sennett, Jr., George W. Morrison, Asst. U. S. Dist. Attys., Cleveland, Ohio, for defendant.

McNAMEE, Chief Judge.

The petitioner, Mike Giaimo, an alien, claims that he was denied due process in the deportation proceeding against him in that he was denied the opportunity to obtain the services of a lawyer

in said proceeding. This is the sole ground upon which petitioner seeks relief from the order of deportation. The matter came on to be heard on petitioner's Motion for a Temporary Injunction. The parties have stipulated that the evidence offered at the hearing on the Motion is the same as the evidence that would be offered at a final hearing on the merits. They have agreed, therefore, that the Court may determine the issue finally on the evidence submitted at the hearing on the Motion.

The evidence disclosed the following: On November 24, 1958 officers of the Immigration and Naturalization Bureau appeared at the Ohio Penitentiary, where petitioner was incarcerated, for the purpose of examining him in connection with the pending deportation proceeding. At that time petitioner was advised that he was entitled to be represented by a lawyer and he expressed the desire to secure such representation. Thereupon the hearing was adjourned and petitioner was advised that he would be informed in advance of the time of the adjourned hearing. Petitioner was notified of the date of the adjourned hearing, which was held in the penitentiary on December 17, 1958. The record of the hearing discloses the following question put to the petitioner on that occasion and his answer thereto:

"Q. That hearing was adjourned until December to permit you an opportunity to obtain an attorney. Have you an attorney?

"A. My attorney was here the day I left for Junction City. I don't know whether he is going to show up or not so you can go ahead with the proceeding without him."

There can be no doubt that, as indicated by the above statement, the petitioner voluntarily elected to proceed with the hearing without counsel. It was shown at the hearing that in 1957 petitioner was convicted in the Common Pleas Court of Cuyahoga County of the crime of receiving stolen property. In 1958, in the same court, he was convicted of the crime of burglary. T. 8 U.S.C.A. § 1251(a) (4) provides in pertinent part:

"Any alien in the United States * * * shall, upon the order of the Attorney General, be deported * * who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial;"

Both of the above crimes involved moral turpitude and did not arise out of a single scheme of criminal misconduct. Pursuant to the authority of the above statute, petitioner was ordered deported by the Special Inquiry Officer who also denied petitioner's request for discretionary relief. Petitioner appealed the decision of the Special Inquiry Officer to the Board of Immigration Appeals. In this latter proceeding he was represented by counsel. The Board of Immigration Appeals affirmed the decision of the Special Inquiry Officer and dismissed the appeal. Both the Special Inquiry Officer and the Board of Immigration Appeals held correctly that petitioner was not eligible for suspension of deportation since he was unable to prove good moral character, having been convicted of two crimes involving moral turpitude within the ten year good moral character period (T. 8 U.S.C.A. § 1254). Both administrative agencies also held correctly that petitioner was ineligible for voluntary departure relief because he was unable to show ten years continuous physical presence in the United States since his deportable status arose in 1958. T. 8 U.S.C.A. § 1254.

As indicated above, petitioner's waiver of his right to counsel at the hearing of December 17, 1958 is clearly demonstrated. Even if the fact were otherwise there is no evidence of prejudice to the petitioner. He admitted the two convictions mentioned above and his ineligibility for discretionary relief under the statute is demonstrated beyond question.

A court is not required to grant an injunction when there has been a possible denial of due process in a deportation hearing when no prejudice has resulted from the denial. As was said in *Sumio Madokoro v. Del Guerico*, 9 Cir., 160 F.2d 164, certiorari denied 332 U.S. 764, 68 S.Ct. 68, 92 L.Ed. 349:

"Any failure to provide alien with counsel at [a] hearing before immigration inspectors is not prejudicial, where the facts brought out at the hearing are admitted to be true, and any presumption that [a] denial of due process is prejudicial is overcome by [the] alien's admissions."

To the same effect is *De Bernardo v. Rogers*, 102 U.S.App.D.C. 382, 254 F.2d 81. See also *In re Raimondi*, D.C., 126 F.Supp. 390; *Alves v. Shaughnessy*, D.C., 107 F.Supp. 443. Petitioner's claim for injunctive relief finds no support in the evidence or the applicable law. Petitioner's claim, however, does have a strong sympathetic appeal. He is now over 58 years of age and has resided in this country for more than 50 years. He is the father of 5 children and one stepchild, the oldest of the children being 30 years of age and the youngest 19. He has 11 grandchildren. He has never been out of the United States since his entry into this country at the age of 8. Under the circumstances his deportation would be a severe hardship on him and his family. The Supreme Court in *Fong Haw Tan v. Phelan*, 333 U.S. 6, 68 S.Ct. 374, 376, 92 L.Ed. 433, rightly characterized deportation as "a drastic measure and at times the equivalent of banishment or exile." The above description fits the situation here. But under the facts and the controlling statutes this Court is without power to stay the execution of the order of deportation.

The prayer for injunctive relief is denied.

An order may be prepared in accordance with the foregoing.