**CLYDE FARRELLY, Petitioner**

v.

**JACK MONSANTO, Commissioner
of Public Safety, Respondent**

Small Claims No. 12/1961
Municipal Court of St. Croix
Christiansted Jurisdiction

June 12, 1961

LEADER and PADILLA (R. H. AMPHLETT, ESQ., OF COUN-
SEL), *for petitioner*

A. CUYLER TEN EYCK, ESQ., Special Assistant to the At-
torney General, *for respondent*

MOORHEAD, *Municipal Judge*

Petitioner's motor vehicle operator's license was not re-
newed for 1961 after a hearing before respondent. The
order denying a renewal of license was based on a "point
system", which provides for assessment of points against
a driver for traffic violations. Under this system when ten
points have accumulated against a driver, his operator's
permit is not renewed for one year after it expires. The
twelve points against petitioner were based on three viola-
tions, namely: driving against traffic, 2 points; negligent
driving, 4 points, and 2 extra points because of resulting
accident; speeding, 4 points.

Petitioner's main contention is that respondent had no authority to institute a "point system", and that if he has such authority it could be exercised only after adequate notice had been given to the public. His other contention is that the hearing which is required was not adequate.

(1) Respondent claims his authority is from 20 V.I.C., sections 547 and 549. These sections read as follows:

### "§ 547. Refusal of operator's license by Commissioner

"(a) The Commissioner of Public Safety shall keep a driving record for each holder of an operator's license containing the record of convictions transmitted to him under section 545 of this title.

"(b) The Commissioner may refuse to issue an operator's license to any person on the basis of his convictions of offenses relating to the operation or use of motor vehicles during the preceding year."

### "§ 549. Hearing and review of Commissioner's decisions

Before refusing to issue a license under section 541 of this title, and before revoking or suspending a license under section 548 of this title, the Commissioner of Public Safety shall grant a hearing to the person concerned. Any action of the Commissioner under such sections shall be subject to review by the municipal court."

Both of these sections were based on Ordinance of Municipal Council of St. Croix, approved November 24, 1939 (Bill No. 29), section 37.

■ A plain reading of the sections above-quoted shows that respondent had authority to refuse to renew a driver's license based on driver's convictions for traffic offenses in the preceding year after a hearing. It follows, therefore, that respondent's authority included the power to use a "point system" or any other system that helped in making an accurate and fair appraisal of petitioner's traffic offenses. Notice to the public, if required in 1939 when this statute was enacted into law, is not now required after the passage of twenty-one years.

We find that respondent had authority to use the "point system" and to institute it without notice to the public.

(2) Was the hearing given to petitioner adequate?

██ ██ Petitioner admits that he was given a hearing at which time his convictions were reviewed. He had been told of his right to have counsel and to have the hearing at a later date. He was also told of his right to appeal. However, he claims that hearing was too informal to be designated "a hearing" within the meaning of the term.

We agree that the hearing was very informal, but we must remember that his was an administrative hearing and not a judicial hearing. "It is sufficient if there was a fair hearing prior to the revocation." Glenn v. Commissioners of District of Columbia, D.C. Mun. App. 1958, 146 A.2d 575.

In a prior case decided by the same court, the rule is more fully stated as follows: "The requirements of a fair hearing in reference to an administrative proceeding, depend upon the nature and purpose of the hearing which does not have to be conducted according to the formality of a Court; however, the informality must not lack in the rudimentary requirements of fair play or violate statutory regulations if it is to comply with the requirements of due process." Ritch v. Director of Vehicles and Traffic of District of Columbia, D.C. Mun. App. 1956, 124 A.2d 301.

We find that the hearing given to petitioner was fair and that it was given prior to the refusal to renew his license.

Respondent testified that he put the "point system" in operation last year by notice to his officers that in January and thereafter in 1961 the renewal of certain licenses was to be denied if drivers had accumulated more than ten points in 1960. He further stated that he had amended his "point system" but that the changes were very slight and offered to submit a written copy of each at a later date through his counsel.

The "point system" set forth in respondent's brief lists

eighteen traffic offenses for which points were accumulated while the amended "point system" dated April 20, 1961 lists nineteen such offenses. It also changes reckless driving from four to five points.

■ ■ While the original did not classify drivers as to their convictions, the amended system stipulates that: "10 to 13 points assessed during the calendar year may result in the refusal of operator's license at renewal time for three months. 14 to 15 points assessed . . . may result in refusal for six months. 16 to 17 points may result in refusal for nine months. 18 or more points may result in refusal for one year".

The "point system" as amended is fair and reasonable, as it classifies drivers according to their convictions and does not mete out the same penalty to the driver who has accumulated ten points as it does to the one with more than eighteen points. We feel that the original "point system" under which petitioner's license is withheld for one year should have included some reasonable classification of convicted drivers as appears in the amended system. In order to correct what we find to be the unfair application of the "point system" we will apply the classification of the amended "point system", and hereby amend the order of respondent to be a withholding of a renewal of petitioner's license for a period of three months from February 15, 1961.

The order of the respondent in refusing to issue an operator's license to petitioner will be so modified, and, as modified, will be confirmed.