**John H. FISKE, Petitioner,**

v.

**George A. ENGLAND, Director, Department of Motor Vehicles, Respondent.**

No. 4323.

District of Columbia Court of Appeals.

Argued April 1, 1968.

Decided June 25, 1968.

Albert J. Ahern, Jr., Washington, D. C., for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

We review a final order of the Director of Motor Vehicles revoking petitioner's privilege to operate a motor vehicle in the District of Columbia.

By final order of March 27, 1967, petitioner's operating privileges were revoked because of an accumulation of points for speeding violations. The original order was entered January 31, 1967 after a hearing without counsel. Petitioner had received tickets for excessive speed on three occasions within one year,[1] and had forfeited collateral in each instance. When asked by the hearing officer why, aside from the violations, he felt his driving privileges should not be revoked, petitioner said:

> Well, I didn't appeal on any of these cases that the speed was unreasonable. I pled guilty in each case. They were all over the same route apparently. I've been in error in judging the speed that I

1. Petitioner states that at least one of the tickets is attached to the petition and charges him with going 40 miles per hour in a 25 mile zone. We find no such ticket in the record but the government appears to concede this fact. The code number indications on petitioner's traffic record are that the other two tickets were for unreasonable speed.

should take over that route. I haven't had trouble anywhere else in the District, and if I do have any kind of license trouble, it may seriously affect my job with Heishman's since it does involve driving cars every day.

The original order of revocation was sustained and petitioner, through counsel, appealed to the Director of Motor Vehicles who upheld the decision of the hearing officer and issued a final order of revocation.

 The power to revoke the privilege to operate a motor vehicle must be exercised in a fair and reasonable fashion. Tillman v. Director of Vehicles and Traffic etc., D.C.Mun.App., 144 A.2d 922 (1958); Ritch v. Director of Vehicles and Traffic etc., D.C.Mun.App., 124 A.2d 301 (1956). We are cited to District of Columbia v. Grantham, D.C.App., 233 A.2d 504 (1967),[2] to support petitioner's claim of an arbitrary exercise of this power. In *Grantham* we held that an information which charged only speed in excess of the speed limit did not state an offense. Here, however, an information was never filed, and we are unwilling to speculate that an information, if filed, would not have been in such form as to state an offense. Furthermore, petitioner has foreclosed the issue by forfeiting collateral and is thus barred from collaterally attacking the traffic violations.[3]

 Petitioner also claims a denial of due process because he was without counsel at the initial hearing. He makes no claim that he was financially unable to retain counsel, nor does he make any showing of prejudice.[4] As we said in Tillman v. Director of Vehicles and Traffic, supra, 144 A.2d at 924:

[P]etitioner was not prejudiced by the failure to be advised that he was entitled to assistance of counsel. The purpose of such hearings is not to retry the violation, but to confront the motorist with his infraction of the traffic regulations, which prima facie seems to justify suspension or revocation in the public interest. In such hearings, informal in character, the motorist is given an opportunity to explain the violation and to present any extenuating matter which would justify the retention of his permit.

Petitioner was given an opportunity to explain the violations and was unable to justify the retention of his permit. He does not now assert that he could have done so had he been represented by counsel, but relies solely on the *Grantham* argument which was pressed vigorously by counsel on appeal to respondent and to this court. We find no denial of due process in the procedure followed in this case.

Affirmed.[5]

---

2. Grantham had not been affirmed on appeal when this appeal was filed.

3. Glover v. England, D.C.Mun.App., 151 A.2d 199 (1959); Lambert v. Board of Commissioners etc., D.C.Mun.App., 116 A.2d 926 (1955); Chappelle v. Board of Commissioners etc., D.C.Mun.App., 110 A.2d 697 (1955); cf. Council v. Director of Motor Vehicles, D.C.Mun.App., 159 A.2d 874 (1960); Ritch v. Director of Vehicles and Traffic, supra.

4. To assert denial of the right to counsel in an administrative revocation hearing some prejudice must be shown. Ritch v. Director of Vehicles and Traffic, surpa, 124 A.2d at 303. See generally Hyser v.

Reed, 115 U.S.App.D.C. 254, 267, 318 F.2d 225, 238, cert. denied, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963); De Bernardo v. Rogers, 102 U.S.App.D.C. 382, 254 F.2d 81, cert. denied, 358 U.S. 816, 79 S.Ct. 24, 3 L.Ed.2d 58 (1958).

5. By Commissioner's Order No. 68–223, dated March 11, 1968, Part V, Section 5, of the Traffic and Motor Vehicle Regulations, was amended to provide for review of certain prior revocations based upon points accumulated for speeding charges and also, in future revocation hearings, permitting the Director to disregard such points accumulated prior to February 1, 1967.