**Juliana Latacan LAQUI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 17695.**

United States Court of Appeals,
Seventh Circuit.

Feb. 10, 1970.

Samuel D. Myers, Freedman, Freedman & Myers, Chicago, Ill., for petitioner.

Paul C. Summitt, Atty., Dept. of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., Will Wilson, Asst. Atty. Gen., for respondent.

Before CUMMINGS and KERNER, Circuit Judges, and MORGAN, District Judge.*

PER CURIAM.

This matter comes before this court on review of a final decision of the Board of Immigration Appeals dismissing petitioner's appeal before the Board.

Juliana Laqui is a 25-year-old native and citizen of the Philippines who legally entered the United States on July 1, 1966, as a non-immigrant exchange visitor for a one-year stay and was granted an extension to April 5, 1968. Having overstayed her admission, the Immigration and Naturalization Service granted her a stay until November 3, 1968, allowing her to leave at her own expense. Failing to depart, an Order to Show Cause was served upon her, and a hearing was held on January 17, 1969, by a Special Inquiry Officer (S.I.O.). At the conclusion of the hearing, she was found deportable and granted a further voluntary departure. Petitioner filed an ap-

---

* Judge Robert D. Morgan is sitting by designation from the United States District Court for the Southern District of Illinois.

peal to the Board of Immigration Appeals. The appeal was dismissed and petitioner seeks review of the dismissal order of the Board.

Petitioner raised a question of a violation of constitutional due process during the S.I.O. hearing. During the hearing, the government offered for identification four immigration documents kept in the ordinary course of the processing and extension of petitioner's entry and stay in the United States. Petitioner was requested to identify each of the documents as relating to her, which she did, reserving through counsel an objection that she should not be required to assist the government in proving its case. The four exhibits admitted into evidence showed that the petitioner was authorized to remain in the United States until April 5, 1968, and that she had overstayed.

■ Petitioner contends that it is repugnant to basic procedural due process of law that the government shall prove its case by interrogating a respondent in a deportation proceeding against that person's objection, and by doing so, violated petitioner's right to privacy.

Petitioner relies on two Supreme Court cases as the basis of her contention. She reasons that since Woodby v. I.N.S., 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966), held the quantum of proof necessary in a deportation case is the same as is necessary in a denaturalization case—clear, unequivocal, and convincing—and since United States v. Minker, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed 185 (1956), held in denaturalization proceedings that § 235(a) of the Immigration and Nationality Act (the provision petitioner claims the government relied on in conducting its interrogation here) does not give the government power to subpoena or interrogate; that the power to subpoena or interrogate under § 235 is also prohibited in deportation proceedings.

■■ We reject petitioner's reasoning. The clear holding of the Supreme Court in *Minker* was that § 235(a) of the Immigration Act, (8 U.S.C. § 1225(a)), did not authorize *ex parte* interrogation of a naturalized citizen preliminary to possible denaturalization proceedings, on the ground that the language of the statute in light of its history did not clearly indicate that Congress intended to apply it to naturalized citizens. The application of § 235(a) as to aliens under investigation as to their right to be in or remain in the United States was never questioned in *Minker* and has been upheld on several occasions. See Sherman v. Hamilton, 295 F.2d 516 (1st Cir. 1961), *cert. denied*, 369 U.S. 820, 82 S.Ct. 827, 7 L.Ed.2d 785; Graham v. United States, 99 F.2d 746 (9th Cir. 1935). We do not find the Court's holding in *Woodby* as to quantum of proof necessary in deportation-cases changes the Immigration Service's subpoena or interrogative powers in deportation cases under § 235(a).

■ Moreover, petitioner erroneously contends that the government relied solely on § 235 of the Act for authority of the Immigration Service's trial attorney to ask her questions in a deportation proceeding. Although § 235 is relevant as part of the total statutory scheme for inspection, investigation and enforcement of the immigration laws, the authority to question in deportation proceedings is delineated in § 242. Section 242 (8 U.S.C. § 1252(b)), provides in pertinent part that "[a] special inquiry officer shall conduct proceedings under this section to determine the deportability of any alien, and shall administer oaths, present and receive evidence, interrogate, examine, and cross-examine the alien or witnesses, * * * *"

■■ It has long been settled that immigration officials may question aliens before or during proceedings concerning their right to remain in the United States and use such evidence as a basis for deportation. We find nothing unfair or violative of due process about requiring an alien to communicate with immigration officials, concerning non-

incriminatory aspects of his immigration status. We affirm the order of dismissal of the Board of Immigration Appeals.

Affirmed.