**Jose HENRIQUES, Petitioner,**

v.

**The IMMIGRATION & NATURALIZATION SERVICE, BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 794, Docket 72-1048.**

United States Court of Appeals, Second Circuit.

Argued July 13, 1972.

Decided July 27, 1972.

Jose Henriques, pro se.

Stanley H. Wallenstein, Special Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, Joseph P. Marro, Special Asst. U. S. Atty., of counsel), for respondent.

Burt Neuborne, New York City (Stephen Weinberg, New York City, on the brief), for the New York Civil Liberties Union, amicus curiae.

Before FEINBERG, MULLIGAN and OAKES, Circuit Judges.

5. See n. 2.

PER CURIAM:

Petitioner, with assistance from the New York Civil Liberties Union which briefed and argued the appeal, seeks to raise a momentous issue—the right of an indigent alien to counsel in a deportation proceeding. He does this by way of a petition for review, under section 106 of the Immigration and Nationality Act, 8 U.S.C. § 1105a, of a December 13, 1971, order of the Board of Immigration Appeals, which dismissed an appeal from a decision of a Special Inquiry Officer. That decision found petitioner deportable as a nonimmigrant visitor for pleasure who overstayed his four-day visa. However, the posture of the case is such that we do not reach the issue petitioner seeks to raise.

Considerable doubt exists whether petitioner is an indigent. Concededly, he was making about $95 a week gross, and $82 a week take-home, pay at the time of his hearing, which, incidentally, was adjourned four times to enable him to retain counsel. The $82 per week net earnings prevented him from meeting the Legal Aid Society requirements for providing free legal services; although the only Society lawyer apparently responsible for immigration matters did accompany petitioner to one scheduled hearing, he apparently did not enter an appearance on petitioner's behalf. Petitioner insists that the immigration bar has a $500 minimum fee for handling this kind of case at the Board of Immigration Appeals level, and that he did not have the necessary wherewithal to retain private counsel. He therefore complains that, since the statutes, sections 242(b) and 292 of the Act, 8 U.S. C. §§ 1252(b) and 1362 (see 8 C.F.R. § 242.16), *permit* counsel at no expense to the government but do not *require* counsel for indigents in deportation proceedings, they deny indigent aliens procedural due process or equal protection of the laws.[1]

But even if we were to treat petitioner as an indigent for all practical purposes, which on this scanty record it would be difficult for us to do, the sole issue before the Special Inquiry Officer was whether petitioner had overstayed his four-day visa. It is undisputed that he did do so, and hence he is deportable under section 241(a) (2), 8 U.S.C. § 1251(a) (2). Kassab v. INS, 322 F.2d 824, 826–827 (9th Cir. 1963), cert. denied, 376 U.S. 910, 84 S.Ct. 665, 11 L. Ed.2d 608 (1964); *cf.* Londono v. INS, 433 F.2d 635 (2d Cir. 1970).[2] Thus counsel, even if furnished, could not have obtained any other result in the administrative proceedings. No justifica-

1. It is true, as Mr. Justice Brandeis observed, that expulsion may deprive an alien "of all that makes life worth living." Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 495, 66 L.Ed. 938 (1922). It is also true that an alien is entitled to due process in a deportation proceeding. Wong Yang Sung v. Mc-Grath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1950). But there are a number of cases, including this circuit's own United States ex rel. Wlodinger v. Reimer, 103 F.2d 435, 436 (2d Cir. 1939), indicating that due process is largely satisfied by having the right to counsel, decided, to be sure, before, *e. g.*, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed.2d 891 (1956) and Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). There is also a line of cases, the most recent of which is the Ninth Circuit's Lavoie v. INS, 418 F.2d 732, 734 (9th

Cir. 1969), cert. denied, 400 U.S. 854, 91 S.Ct. 72, 27 L.Ed.2d 92 (1970), to the effect that because a deportation proceeding is not criminal in nature, no sixth amendment right to counsel attaches. The Third, Fifth and Ninth Circuits have all held adversely to petitioner on the main question which is still an open one in this circuit and one as to which we express no opinion. *See* Aalund v. Marshall, 461 F.2d 710 (5th Cir. 1972), aff'g 323 F. Supp. 1380 (E.D.Tex.1971); Dunn-Marin v. District Director, 426 F.2d 894 (9th Cir. 1970); Ah Chiu Pang v. INS, 368 F.2d 637, 639 (3rd Cir. 1966), cert. denied, 386 U.S. 1037, 87 S.Ct. 1490, 18 L.Ed.2d 601 (1967).

2. He had been properly required by the Special Inquiry Officer to admit or deny the factual allegations, 8 C.F.R. § 242.16 (b); Laqui v. INS, 422 F.2d 807 (7th Cir. 1970), and admitted them.

tion or excuse for the overstay is offered or even suggested at this stage. No prejudice can be said to have resulted from the absence of counsel. This being true, the hearing below was not invalid. De Bernardo v. Rogers, 102 U. S.App.D.C. 382, 254 F.2d 81, cert. denied, 358 U.S. 816, 79 S.Ct. 24, 3 L.Ed.2d 58 (1958); Madokoro v. Del Guercio, 160 F.2d 164, 166–167 (9th Cir.), cert. denied, 332 U.S. 764, 68 S.Ct. 68, 92 L.Ed. 349 (1947); cf. United States ex rel. Ciccerelli v. Curran, 12 F.2d 394, 395–396 (2d Cir. 1926).[3]

Petitioner argues, and the Civil Liberties Union argues for him, that counsel could have advised him in connection with his possible eligibility for a "third preference" visa, either as a religious translator or as a minister; a "sixth preference" visa, for which the amicus has advised him to apply; or for a permanent residence visa, since it may be that the Portuguese immigration quota has not been filled. This may all be very true, but it has nothing whatsoever to do with the question whether petitioner was entitled to counsel at the deportation hearing. It is farfetched, we believe, to argue that persons seeking admission to the United States are entitled to legal advice at government expense on how best to secure such admission. Amicus argues that the "virtually universal administrative practice" is to suspend deportation when issuance of a visa is imminent. This may also be so, but it does not follow that counsel to advise a deportable alien on how to go about obtaining a new visa must constitutionally be furnished for purposes of an otherwise uncontested deportation proceeding. What petitioner here really seeks is legal advice at government expense in respect to his possible re-entry, not in regard to his deportation. No authority he cites, and no argument he makes, would support the proposition that the Constitution requires counsel to be provided in such a case.

Nothing we say here is intended to express any opinion on the question whether, in a deportation hearing where the furnishing of counsel might have an effect upon the outcome of the *deportation hearing itself*, indigent aliens are entitled to have counsel furnished at government expense. That is another question, what this court has called a "grave" one, for another day. Carbonell v. INS, 460 F.2d 240 (2d Cir. 1972); *see* Haney, Deportation and the Right to Counsel, 11 Harv. Int'l L.J. 177 (1970).

Petition denied.

3. It is argued that the view of Justices Powell and Rehnquist, in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (concurring opinion), that counsel should be provided in misdemeanors involving jail sentences on a case to case basis, was rejected by the majority, just as *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), overruled *Betts v. Brady*, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), which held that counsel need be provided in felony cases only in special circumstances. But we can agree with, and follow, the majority in *Argersinger* and *Gideon*, each involving the sixth amendment and criminal cases, without reaching a blanket rule that the fifth amendment requires, as a matter of due process, counsel for indigent aliens in *all* deportation cases, regardless of their nature. An overstay on a four-day visitor visa may be the least favorable factual framework which could be devised for raising the very serious and important constitutional claim here made.