JOHN K. DURFEE, ALSO KNOWN AS J. K. DURFEE, APPELLEE, v. L. N. RESS, DIRECTOR OF MOTOR VEHICLE DIVISION, DEPARTMENT OF ROADS AND IRRIGATION, STATE OF NEBRASKA, APPELLANT.

81 N. W. 2d 148

Filed February 15, 1957. No. 34098.

Clarence S. Beck, Attorney General, Ralph D. Nelson, and Herbert T. White, for appellant.

Brown, Crossman, West, Barton & Quinlan, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The defendant, Director of the Motor Vehicle Division, Department of Roads and Irrigation, State of Nebraska, issued an order revoking the driver's license of the plaintiff for a period of 1 year from November 28, 1955, and refused to reinstate it upon plaintiff's offer to provide 3 years' proof of financial responsibility. Plaintiff brought this proceeding under section 60-420, R. R. S. 1943, challenging the validity of the orders of the defendant. In accord with the petition, the trial court stayed the order of revocation pending the final determination of the action.

The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer. The defendant elected to stand on the demurrer and refused to plead further. Judgment was entered for the plaintiff. Defendant appeals.

We reverse the judgment of the trial court and remand the cause with directions to sustain the demurrer.

The facts are not in dispute. On December 16, 1953, plaintiff was convicted of the offense of drunken driving in violation of section 39-727, R. S. Supp., 1953. He was fined and his driver's license suspended for a 6-month period. At that time and since, the point system provided for 6 points for such a violation. Laws 1953, c. 219, § 1, p. 768; § 39-7,128, R. S. Supp., 1953.

On January 11, 1955, plaintiff pleaded guilty to the offense of speeding and was fined. At that time and since, the point system provided 3 points for such violation. Laws 1953, c. 219, § 1, p. 768; § 39-7,128, R. S. Supp.; 1953; Also at that time and since, section 39-7,129, R. S. Supp., 1953, provided that whenever any person shall have accumulated a total of 12 or more points within any 2-year period, the director "shall" revoke the person's license for a period of 1 year, subject to conditions not important here. During the time the 9 points were accumulated the statute provided: "Any license, revoked under the provisions of this act, shall remain revoked unless or until such person shall give and maintain for three years proof of financial responsibility, as required by section 60-525." Laws 1953, c. 219, § 6, p. 771.

Effective September 18, 1955, Laws 1953, chapter 219, section 6, was amended to provide: "It shall be unlawful to operate a motor vehicle on the public highways after revocation of an operator's license revoked under the provisions of sections 39-7,128 to 39-7,133. Any license, revoked under the provisions of sections 39-7,128 to 39-7,133, shall remain revoked for one year and at the expiration thereof such person shall give and maintain for three years proof of financial responsibility, as required by section 60-525." § 39-7,133, R. S. Supp., 1955.

On November 28, 1955, plaintiff pleaded guilty to "exceeding speed limit" and was fined $10 and costs. The point system provided 3 points for this violation. Plaintiff had accumulated 9 points prior to September 18, 1955, and 3 points thereafter. The mandatory revocation of his driver's license followed.

The issue actually presented here is not the validity of the order revoking the driver's license of the plaintiff but the refusal of the director to suspend the revocation under the provisions of Laws 1953, chapter 219.

To sustain the trial court's judgment plaintiff argues

here that when he accumulated the 9 points, Laws 1953, chapter 219, section 6, was in effect and that under it the revocation remained in effect only until such time as he gave the requisite proof of financial responsibility; and that under the provisions of section 39-7,133, R. S. Supp., 1955, the revocation must remain in effect for the period of 1 year before the giving and maintenance of proof of financial responsibility could revoke the suspension.

In order to reach the question submitted here, we assume, but do not decide, the construction plaintiff puts on the statutes quoted.

Plaintiff alleges that he was denied the right to have his driver's license reinstated upon providing the "three years proof of financial responsibility."

Plaintiff does not challenge the fact that he had accumulated the 12 points which authorized the defendant to revoke his driver's license. Plaintiff argues that when the 9 points were accumulated he had the right to have the revocation of his driver's license suspended by giving the required proof of financial responsibility; that to change that requirement to his disadvantage was to add to the penalty of the punishment after the first two violations had been committed and that to do so constitutes an unconstitutional ex post facto application of the amending act contrary to both the United States and the state Constitutions.

The revocation of the driver's license here involved is in no sense a penalty for the violation of the statutes or ordinances involved. The penalties provided therefor have been satisfied.

The net of this situation is that the plaintiff by his violations of the law has created a record upon which the state in the exercise of its police power has determined that his driver's license shall be revoked. The state has also determined the conditions under which that revocation may be suspended.

As we said in In re Estate of Rogers, 147 Neb. 1, 22 N. W. 2d 297, quoting from Bankers Trust Co. v. Blod-

gett, 260 U. S. 647, 43 S. Ct. 233, 67 L. Ed. 439: "The penalty of the statute was not in punishment of a crime, and it is only to such that the constitutional prohibition applies."

A license to operate a motor vehicle in this state is issued, not as a contract, but as a privilege, with the understanding that such license may be revoked for cause by the state. Smith v. State, 124 Neb. 587, 247 N. W. 421; Hadden v. Aitken, 156 Neb. 215, 55 N. W. 2d 620, 35 A. L. R. 2d 1003; Montgomery v. Blazek, 161 Neb. 349, 73 N. W. 2d 402.

In Prichard v. Battle, 178 Va. 455, 17 S. E. 2d 393, a person was convicted of the offense of leaving the scene of an accident. His driver's license was revoked as a result of the conviction. He was pardoned by the Governor. He contended that the revocation was a part of the penalty and that the pardon restored his right to operate his car free from the conditions of a bond that he had deposited. The court held that the revocation of the license was a measure flowing from the police power designed to protect other users of the highways. The court held: "The universal holding is that such a revocation is not an added punishment, but is a finding that by reason of the commission of the act or the conviction of the licensee, the latter is no longer a fit person to hold and enjoy the privilege which the State had theretofore granted to him under its police power. The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee."

The decision was followed with approval in Harrell v. Scheidt, 243 N. C. 735, 92 S. E. 2d 182; Parker v. State Highway Department, 224 S. C. 263, 78 S. E. 2d 382; and Prawdzik v. City of Grand Rapids, 313 Mich. 376, 21 N. W. 2d 168, 165 A. L. R. 1165. See 16A C. J. S., Constitutional Law, § 448, p. 159.

In Thompson v. Thompson, — N. D. —, 78 N. W. 2d 395, the court had this precise question before it. The

holder of a license was convicted in May 1955 of the offense of driving a motor vehicle while under the influence of intoxicating liquor. By an act effective July 1, 1955, conviction in a period of 18 months of two charges of driving a motor vehicle while under the influence of intoxicating liquor made revocation of the license mandatory. On August 16, 1955, the person pleaded guilty to the second offense. The court found that the plea of an ex post facto application of the statute in the constitutional sense had no merit. It held: "* * * the revocation or suspension of a license operates for the benefit of the public and is not intended as a penalty inflicted upon the license holder," and followed Pritchard v. Battle, *supra.*

We conclude that the revocation of a license to operate a motor vehicle in this state under the point system provided by statute is not an added punishment for the offense or offenses committed as a result of which the points are accumulated. The purpose of the revocation is to protect the public, and not to punish the licensee. Where an operator's license is revoked under the point system and the statute providing the conditions under which the revocation may be suspended has been amended during the period of the accumulation of the points as a result of which the revocation occurs, the amended act controls. Such an application is not an ex post facto application within the prohibitions of the United States and the state Constitutions.

Plaintiff relies largely upon State v. McCoy, 87 Neb. 385, 127 N. W. 137, 28 L. R. A. N. S. 583. There the charge was that the defendant had abandoned his wife and children. After the date of the alleged offense and before trial, the statute as to giving bond was amended so as to make it more difficult for the defendant to escape imprisonment. The statute authorizing suspension of the sentence limited the section prescribing the punishment. The decision has no application here.

The judgment of the trial court is reversed and the

cause remanded with directions to sustain the demurrer.

REVERSED AND REMANDED WITH DIRECTIONS.

CHAPPELL, J., participating on briefs.