THEODORE J. ZIEMBA, APPELLEE, v. L. C. JOHNS, DIRECTOR OF MOTOR VEHICLES OF NEBRASKA, APPELLANT.

163 N. W. 2d 780

Filed December 20, 1968. No. 36945.

Clarence A. H. Meyer, Attorney General, James J. Duggan, and Herbert T. White, for appellant.

Paul E. Watts, for appellee.

Byron J. Norval, for amicus curiae.

Heard before WHITE, C. J., BOSLAUGH, SMITH, and McCOWN, JJ., and HUBKA, ACH, and GARROTTO, District Judges.

McCOWN, J.

The Director of Motor Vehicles revoked appellee's

license to operate a motor vehicle under the provisions of the Implied Consent Act. On appeal to the district court, that court found for the appellee, and the Director of Motor Vehicles has appealed.

The issue is whether a plea of guilty to a criminal charge of drunken driving under section 39-727, R. R. S. 1943, is sufficient to establish the reasonableness of a refusal to submit to a chemical test for alcohol in an administrative proceeding under the Implied Consent Act.

On December 4, 1966, appellee was arrested for operating a motor vehicle while under the influence of intoxicating liquor. He was advised of the requirements of the Implied Consent Act and informed of the consequences of refusal. He refused the test. The arresting officer filed his affidavit with the appellant pursuant to section 39-727.08, R. R. S. 1943. Thereafter, on March 23, 1967, after proper notice, the appellant held a hearing to determine whether the appellee's refusal to take the test was reasonable or unreasonable.

Appellee's claim of reasonableness was based on the fact that on February 7, 1967, in the municipal court of Omaha, the appellee had pleaded guilty to the criminal charge of operating a motor vehicle while under the influence of intoxicating liquor; had paid a fine of $100; and had his driver's license suspended for 6 months by that court.

The hearing officer for the appellant ruled that the later plea of guilty to the criminal charge was not a reasonable ground for refusal to submit to the chemical test for alcohol. On March 27, 1967, the appellant entered an order revoking the driver's license of appellee for the mandatory 1-year period from that date.

The appellee contends that a plea of guilty to a criminal charge of operating a motor vehicle while under the influence of alcohol ought to obviate the administrative proceeding under the provisions of the Implied Consent Act because that law is merely an implementation of

the criminal drunk driving statutes. We cannot agree.

It is well established that the same motor vehicle operation may give rise to two separate and distinct proceedings. One is a civil and administrative licensing procedure instituted by the Director of Motor Vehicles to determine whether a person's privilege to drive is revoked. The other is a criminal action instituted in the appropriate court to determine whether a crime, has been committed. Each action proceeds independently of the other and the outcome of one action is of no consequence to the other. See, Gottschalk v. Sueppel, 258 Iowa 1173, 140 N. W. 2d 866; Bowers v. Hults, 42 Misc. 2d 845, 249 N. Y. Supp. 2d 361; Marbut v. Motor Vehicle Department, 194 Kan. 620, 400 P. 2d 982.

In Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N. W. 2d 75, 88 A. L. R. 2d 1055, this court held that the fact of acquittal of the criminal charge did not preclude the subsequent revocation of defendant's license in the civil proceedings before the Director of Motor Vehicles. We said: "The fact of acquittal of a criminal charge of operating a motor vehicle while under the influence of alcoholic liquor does not have any bearing upon a proceeding before the director for the revocation of a driver's license under the provisions of law separate and distinct from criminal statutes." Not only the proceedings, but the crucial factual issues to be determined in each, are separate and distinct, even though they may both arise out of the same general circumstances.

Although the appellee acknowledges the Prucha holding, he attempts to distinguish it on the ground that the case at bar involves a plea of guilty rather than an acquittal. The ground for the attempted distinction is the contention that the sole purpose of the Implied Consent Act was to assist in marshalling evidence to obtain a conviction under the criminal statutes. Therefore, it is argued that a plea of guilty in the criminal case removes the only useful purpose of the chemical test under

the Implied Consent Act. If the only purpose of the Implied Consent Act was to aid in obtaining a criminal conviction, then, whenever a conviction was obtained without the evidence of the chemical test, it would follow that no useful purpose was served by the Implied Consent Act in that case. Neither the statutes nor the cases support that contention.

Hazlett v. Motor Vehicle Department, 195 Kan. 439, 407 P. 2d 551, is directly in point here. The trial court in that case found that the subject was so apparently drunk that chemical test evidence would have served no useful purpose in a criminal case. The officers did not even need a chemical test to bolster their evidence, nor would it have had any real influence on the matter of the criminal prosecution or verdict. The Kansas Supreme Court referred to the Marbut case, *supra*, as establishing the separate nature of the two proceedings and said: "From the distinct and separate nature of the two proceedings it is clear that whether or not the results of the chemical test would have served a useful purpose in a prosecution for driving while under the influence is not an issue to be resolved in a proceeding to determine the reasonableness of a refusal to submit to the test. It follows that the contention that the results of the chemical test would serve no useful purpose cannot be sustained as a reasonable ground for refusal to submit to the test."

We think it clear that the civil license revocation provided for under the Implied Consent Act was intended to protect the public from the irresponsible driver and not merely to punish the licensee. See Durfee v. Ress, 163 Neb. 768, 81 N. W. 2d 148 (point system of license revocation). We find no justification in the statutes for holding that an unreasonable refusal, constituting a complete violation of the Implied Consent Act, should somehow later be transformed into a reasonable refusal simply because the subject has been convicted and punished under a criminal statute. Neither do we find any

basis in the statutes for distinguishing between a conviction based on a plea of guilty and a conviction after trial.

We hold that a defendant's plea of guilty to a criminal charge of operating a motor vehicle while under the influence of alcohol does not preclude the subsequent revocation of his driver's license in the administrative proceedings before the Director of Motor Vehicles under the provisions of the Implied Consent Act.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.