DAVID J. PICKARD, APPELLANT, v. DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEBRASKA ET AL., APPELLEES.

169 N. W. 2d 460

Filed July 18, 1969. No. 37018.

Lester A. Danielson, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The original opinion in this case appears *ante* p. 13, 165 N. W. 2d 96.

The motion for rehearing asserts that there are statements in the original opinion "implying that the giving of a test pursuant to the implied consent law may be conditioned on the right to consult with an attorney." The statements in the original opinion were: "In an appropriate factual context, a request for a brief delay in making the decision to accept or refuse the chemical test in order to consult with a lawyer should be granted where the delay is short and does not jeopardize the effectiveness of the test. * * * The taking of a chemical test authorized by the Implied Consent Law is not *ordinarily* required to be delayed by a request of the arrested motorist that he be permitted to contact legal counsel." (Emphasis ours.)

The crux of the difficulty is that two separate proceedings, one civil and one criminal, may follow an arrest for driving while intoxicated, and the criminal proceeding may involve either a felony or a misdmeanor. At the time of the arrest and request for a chemical test, the arresting officer cannot be certain which proceeding may ultimately be involved, or whether both of them will be. The civil proceeding is for revocation of an operator's license under the Implied Consent Law. The criminal proceeding may be for operating a motor vehicle while under the influence of intoxicating liquor, or it may be for motor vehicle homicide. See § 39-727.01, R. R. S. 1943.

Criminal proceedings for operating a motor vehicle while under the influence of intoxicating liquor may involve either a misdemeanor or a felony, depending upon how many convictions the defendant may have had before. Motor vehicle homicide is a felony.

When the request to take a chemical test is made, a refusal to take the test leaves both procedures, civil and criminal, still open. A consent to take the test automatically cancels out any possible civil procedure under the Implied Consent Law, but the results of the test are admissible by statute in the criminal proceedings and presumptions from them are specified. Coupled with these complications is the fact that the Nebraska statute specifically provides: "If a person so arrested shall refuse to submit to the test provided for in section 39-727.03, it shall not be given, * * *." § 39-727.08, R. R. S. 1943.

Because of these involvements, the Scotts Bluff police department was regularly using mimeographed implied consent rules. According to the testimony, these rules are read "to all persons that are arrested for driving while intoxicated." They were read to the appellant in this case. The mimeographed rules consist of a full page of single-spaced material, and the first numbered sentence which was read to the appellant was: "1. You are hereby advised that you have the right to an attorney and if you desire you may call one now." Not only was the appellant advised that he had the right to call an attorney; he was given the opportunity, and made a phone call.

In the present state of the law, there is no constitutional right to counsel in any civil proceeding, including the revocation of a driver's license under the Implied Consent Law. There is also no constitutional right to counsel in minor criminal proceedings in which imprisonment of less than 6 months is all that may be imposed. There are specific constitutional rights which have been spelled out by the United States Supreme Court which apply in any "serious criminal case" where imprisonment of more than 6 months may be involved.

The Attorney General contends that Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908, establishes that in a criminal drunken driving con-

viction there is no constitutional right to refuse to submit to a blood test. The distinctions between that case and a "serious criminal case" in Nebraska are obvious, and the Schmerber case involved a misdemeanor. California had no statutory provision which specified that if a person refused to submit to the blood test, the test should not be given. In view of the specific provision of our statute protecting a defendant's right of refusal, it would seem obvious that if a "serious criminal case" is involved, the request to submit to a chemical test becomes a critical stage in the proceedings.

The motion for rehearing is overruled.

WHITE, C. J., dissenting.

I respectfully dissent from the order of the court overruling the motion for rehearing in this case. The State rarely files a motion for rehearing in this court. The Attorney General points out the necessity for clarification in this case because the holding of the majority opinion extending the right of counsel to implied consent cases will create confusion on the part of the law enforcement officers and materially interfere with the enforcement of the law. I agree.

The court's ruling in this case states in effect that in an appropriate situation a driver on a public highway may condition the giving of the test required under the Implied Consent Law until he has consulted his attorney. It must be kept in mind that the right to drive on a public highway is not a constitutional one, and that the State may reasonably regulate or even deny the driving of an automobile on a public highway under certain conditions. It is fundamental that an implied consent proceeding upon the refusal to submit to a chemical test to determine intoxication is a civil and administrative procedure and that the United States and state constitutional guarantees of right to counsel are not applicable. §§ 39-727.03 to 39-727.12, R. R. S. 1943; Ziemba v. Johns, 183 Neb. 644, 163 N. W. 2d 780; Sixth Amendment to the Constitution of the United States;

Art. I, § 11, Constitution of Nebraska; Finocchairo v. Kelly, 11 N. Y. 2d 58, 226 N. Y. S. 2d 403, 181 N. E. 2d 427, certiorari denied, 370 U. S. 912, 82 S. Ct. 1259, 8 L. Ed. 2d 405; Gottschalk v. Sueppel, 258 Iowa 1173, 140 N. W. 2d 866; Schmerber v. California, 384 U. S. 575, 86 S. Ct. 1826, 16 L. Ed. 2d 908.

This court recently said in Ziemba v. Johns, *supra,* that "* * * the same motor vehicle operation may give rise to two separate and distinct proceedings. One is a civil and administrative licensing procedure instituted by the Director of Motor Vehicles to determine whether a person's privilege to drive is revoked. The other is a criminal action instituted in the appropriate court to determine whether a crime has been committed. *Each section proceeds independently of the other and the outcome of one action is of no consequence to the other.*" (Emphasis supplied.)

In Finocchairo v. Kelly, *supra,* the only issue was whether the driver was entitled to the advice of counsel before deciding to submit or not to submit to a blood test for intoxication. The New York court held: "So far as the revocation of petitioner's license for his conditional refusal to take a blood test is concerned, the constitutional rights of petitioner were not invaded because of the refusal of his request for counsel."

After an extended discussion of the authorities the Iowa court in Gottschalk v. Sueppel, *supra,* held as follows: "III. There is no merit to plaintiff's contention he was deprived of due process of law by not having the opportunity to confer with his attorney before electing to consent to a chemical test or to refuse."

The Gottschalk case was cited as authority in Ziemba v. Johns, *supra,* and in turn the Gottschalk case cited the Finocchairo case, *supra.*

Valid as the distinctions are between an implied consent proceeding and a criminal prosecution, and persuasive as are the authorities cited above on the right to counsel, this case need not rest on any such distinction.

The problem of the denial of the right to counsel before the taking of a blood test was before the United States Supreme Court in the leading case of Schmerber v. California, *supra*. This case was an actual criminal prosecution in which the Supreme Court of the United States had before it a drunk driving conviction based upon the taking of a blood test of the defendant. The defendant Schmerber was arrested and was required to submit to a blood test notwithstanding the fact that he refused to take the test on the advice of counsel. The results of the blood test were admitted in evidence over objection. He asserted that he was denied due process of law, that the taking of the test violated his privilege against self-incrimination, and further since the test was taken over his objection based on advice of counsel *he was in fact denied the right to counsel guaranteed by the Sixth Amendment to the United States Constitution.*

The United States Supreme Court affirmed the conviction holding that the taking of the blood test did not involve a matter of self-incrimination, and that since due process and self-incrimination were not involved in taking the test then neither was the constitutional provision of right to counsel. The court said: "This conclusion (that due process and self-incrimination are not involved in the taking of a blood test) also answers petitioner's claim that, in compelling him to submit to the test in face of the fact that his objection was made on the advice of counsel, he was denied his Sixth Amendment right to the assistance of counsel. Since petitioner was not entitled to assert the privilege, he has no greater right because counsel erroneously advised him that he could assert it. His claim is strictly limited to the failure of the police to respect his wish, reinforced by counsel's advice, to be left inviolate."

Stated in common sense terms, the above authorities hold what is so abundantly clear, namely, that defendant has no constitutional guarantee of right to counsel in

order to assist him in determining whether he will comply with the Implied Consent Law. The privilege to drive an automobile on a public highway, by the declared public policy of the State of Nebraska, is subject to the reasonable regulations and requirements of the Implied Consent Law. These requirements are manifestly enacted and designed in the pursuance of a policy of public safety on the public highways in the State of Nebraska.

If the court's ruling in this case means, as it apparently does, that in an "appropriate" situation which has yet to be defined the driver may condition the giving of a test until he has consulted his attorney, then we are faced with a situation that will result in emasculation of the enforcement of the statute. This is so because if a driver has a right to consult his attorney it follows that the consultation must be effectual and no imagination is required to foresee the amount of time involved. It will not only prevent law enforcement officers from securing constitutionally permissible incriminating evidence in drunk driving prosecutions but more important it probably will effectively prevent the disciplining and control of the borderline drinking driver. It requires the State to furnish counsel to a defendant in order to determine whether he shall comply with the law. It injects into the practical enforcement situation a requirement that a police officer determine at his peril if he may safely await the convenience of the defendant in consulting legal counsel and thereby risk the defeat of the purpose of the law.

The issue of the right to counsel was not raised in this case at any stage of the proceedings. I submit, therefore, that we should either rehear this case, or eliminate what appears to me to be unsupported obiter dictum.

CARTER and NEWTON, JJ., concur in this dissent.

CARTER, J., dissenting.

While I concur with the dissent filed by White, C. J., there is one point that needs clarification. The majority opinion states: "The crux of the difficulty is that two

separate proceedings, one civil and one criminal, may follow an arrest for driving while intoxicated, and the criminal proceeding may involve either a felony or a misdemeanor. At the time of the arrest and request for a chemical test, the arresting officer cannot be certain which proceeding may ultimately be involved, or whether both of them will be." The majority opinion places the burden on the arresting officer to prophesy at his peril the nature of the proceeding that may follow the arrest, and when and under what circumstances a lawyer request must be given effect. Consequently the arresting officer in an honest attempt to proceed lawfully and out of an abundance of caution is forced into the position of permitting the person arrested to obtain a lawyer when, in fact, he is not entitled to consult his lawyer at all on the question as to whether or not he should take the test.

The opinion in the original appeal states: "In an appropriate factual context, a request for a brief delay in making the decision to accept or refuse the chemical test in order to consult with a lawyer should be granted where the delay is short and does not jeopardize the effectiveness of the test." How does a police officer, a nonlawyer, know when "an appropriate factual context" exists when no proceeding has been filed, all the facts have not been determined, and an appropriate factual context is in no way defined. The statement induces confusion as to the law in a case where the law is clear and the action of the arresting officer entirely proper. If the case had been determined in this court solely on the facts determined by the court, there would have been no uncertainty in the law and no confusion arising in the future on similar fact situations. It demonstrates the necessity of deciding cases on the precise facts of each case and leaving to future decision any exceptions to or variances from the rule.