STATE, Respondent, v. CARMODY, Appellant.

*State No. 60.   Argued September 3, 1969.—Decided September 30, 1969.*

(Also reported in 170 N. W. 2d 818.)

For the appellant there was a brief by *Charlton, Yanisch, Greco & Roffa,* attorneys, and *Earl A. Charlton* of counsel, all of Milwaukee, and oral argument by *Carlton Roffa.*

For the respondent the cause was argued by *Albert Harriman,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. At the trial, the arresting officer testified that on November 30, 1967, he observed the defendant driving a car without a license plate, and when stopped the defendant stated that he did not have a driver's license. Defendant then produced a selective service card which gave the name of Thomas P. Carmody,

date of birth as January 5, 1942, and address as 2235 Marlee Lane, Green Bay, Wisconsin.

A "MANDATORY ORDER OF REVOCATION OF OPERATORS LICENSE FOR ONE YEAR" (hereinafter called order of revocation), included in state's Exhibit 1, showed that a Thomas P. Carmody, 324 South Webster, Green Bay, Wisconsin, date of birth January 5, 1942, had his license revoked on January 17, 1967. Since the place of residence, date of birth and name were the same for both the defendant and the person named in the order of revocation, the trial court found that on November 30, 1967, the defendant was operating a motor vehicle while his license had been revoked.

*Inadmissible evidence—prejudicial error.*

State's Exhibit 1 is a certified copy of the "driver record" of the defendant from the division of motor vehicles. The first page of this exhibit is a certificate stating the name and date of birth of defendant; the second page is a summary of his "driver record" for a four-year period; and the third page is a photostatic copy of the order of revocation of 1967, which is dated January 31, 1967, and is a commissioner's revocation of the defendant's operating privileges for one year commencing January 17, 1967. The reason given for this revocation is that he had been convicted of operating a motor vehicle while his operating privileges were suspended or revoked.

Defendant alleges error in allowing into evidence state's Exhibit 1 on the grounds that an improper foundation had been laid through an improper party.

Sec. 889.18 (2), Stats.,[1] establishes that certified copies of any public record preserved pursuant to law are ad-

[1] "Official records. . . .
"(2) COPIES AS EVIDENCE. A certified copy of any written or printed matter preserved pursuant to law in any public office or

missible as evidence. Thus, no individual was needed to testify to authenticity when the copy of the order of revocation was certified to. The only issue was whether the order of revocation was directed to the defendant. The name, date of birth and hometown of the defendant were identical to that stated in the order of revocation. In the absence of any evidence to the contrary, this was sufficient to establish the defendant as the individual named in the order of revocation.

Defendant also claims that the state should have introduced a certified copy of the actual judgment which revoked his license in January, 1967, and the failure to produce this record was in violation of the best evidence rule. Defendant bases his argument on sec. 343.30 (4), Stats:

"Suspension and revocation by the courts. . . .

"(4) Whenever a court or judge suspends or revokes an operating privilege, the court or judge shall immediately take possession of any suspended or revoked license and shall forward it to the department together with the record of conviction and notice of suspension or revocation. Whenever a court or judge restricts the operating privilege of a person such restriction shall be indorsed upon the operator's license and notice of such restriction forwarded to the motor vehicle department."

However, the commissioner (now administrator) for the division of motor vehicles is also given power to revoke driver's licenses. Secs. 343.31 and 343.32 (1), Stats. In this case the commissioner revoked the defendant's driving privilege for one year starting January 17, 1967. Therefore, the order of revocation was the best evidence and admissible under sec. 889.18.

State's Exhibit 1 also included a page with the summary of the records of the motor vehicle division for the

with any public officer in this state, or of the United States, is admissible in evidence whenever and wherever the original is admissible, and with like effect."

defendant. This was introduced prior to the conviction, and defendant claims such evidence can only be introduced after a finding of guilty. This court has held only public records themselves, and not summaries, are admissible under sec. 889.18, Stats.:

"We conclude that a mere letter from an employee of the department that keeps public records does not constitute admissible evidence of the contents of such records. In this case the soundness of the policy reasons for the best-evidence rule were demonstrated in a striking manner, for the writing, plaintiff's Exhibit 1, inadmissible under the rule, was proved to be in error when the original records were produced." *Ernst v. Greenwald* (1967), 35 Wis. 2d 763, 771, 151 N. W. 2d 706.

The state concedes that certified copies of the records should have been obtained, and the summary page should not have been introduced into evidence prior to the conviction. However, the state urges this constituted harmless error.

The defendant waived jury trial and this was a trial to the court.

". . . While evidence that is not admissible in a jury trial is equally inadmissible in a trial to the court, yet this court views the situation as distinct. We have previously stated:

" 'In a case tried by the court the admission of improper evidence is to be regarded on appeal as having been harmless, unless it clearly appears that but therefor the finding would probably have been different.' *Birmingham v. State* (1938), 228 Wis. 448, 454, 279 N. W. 15, quoting from *Topolewski v. State* (1906), 130 Wis. 244, 109 N. W. 1037." *Gauthier v. State* (1965), 28 Wis. 2d 412, 421, 137 N. W. 2d 101, certiorari denied, 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671.

When considering defendant's motion for a new trial, the trial court stated the summary page should not have been included in the exhibit and that it was not considered by

him in determining defendant's guilt of the offense charged. *See Roberts v. State* (1969), 41 Wis. 2d 537, 164 N. W. 2d 525. Therefore, in this *particular* case, where defendant is charged with operating a motor vehicle while his operating privileges were revoked or suspended, the inclusion of the summary page constituted harmless error.

The defendant also alleges that the state failed to prove him guilty beyond a reasonable doubt. However, this is premised on finding state's Exhibit 1 inadmissible.

### *Sentence imposed.*

While the defendant failed to make mention of the fact, the state has pointed out that the trial judge may have sentenced the defendant under sec. 343.44 (2), Stats., as amended by ch. 292, Laws of 1967. This revision was not applicable until January 11, 1968, a date subsequent to the arrest of the defendant.

Sec. 343.44, Stats. 1965, reads in part:

"(1) No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before filing proof of financial responsibility or before he has obtained a new license in this state or his operating privilege has been reinstated under the laws of this state.

"(2) Any person violating this section may be fined not less than $50 nor more than $200 or imprisoned not more than 6 months or both, except that if a person violates this section after having had his operating privilege revoked because of a conviction of any of the offenses mentioned in s. 343.31, he shall be imprisoned not less than 2 nor more than 30 days for the first violation of this section and shall be imprisoned 60 days for the second such violation and 180 days for the third and each subsequent violation."

Sec. 343.44 (2), Stats. 1967, now reads in part:

"(2) Any person violating this section may be fined not less than $50 nor more than $200 and shall be imprisoned not less than 5 days nor more than 6 months, except that if a person violates this section after having had his operating privilege revoked because of a conviction of any of the offenses mentioned in s. 343.31, he shall be imprisoned not less than 5 days nor more than 6 months for the first violation of this section and shall be imprisoned not less than 60 days nor more than 6 months for the 2nd such violation and shall be imprisoned for 6 months for the 3rd and each subsequent violation."

Under sec. 343.44 (2), Stats. 1965, the trial judge had discretion to sentence the defendant for a maximum of six months as a result of his November 30, 1967 conviction. However, an examination of the record reflects that the trial judge was of the opinion he was required to impose a six-month mandatory sentence because of the "driver record" of the defendant. Among other things, in discussing the imposition of the mandatory sentence the trial judge used the words "six months" instead of "180 days" and indicated he had no discretion.

It appears the trial court sentenced the defendant as though he had three prior violations of driving after revocation, while in fact two of these (one in 1964 and a second in 1965) were revocations or suspensions under the point system.

The defendant was first convicted of driving after revocation of his driver's license in January, 1967. Upon his conviction of driving after revocation in the present case (November, 1967), his mandatory sentence should have been imposed pursuant to sec. 343.44 (2), Stats. 1965, inasmuch as the 1967 amendment to sec. 343.44 (2) was not effective until after the date of the arrest of the defendant in the present case. The mandatory sentencing requirements of sec. 343.44 (2), Stats. 1965, require that the trial judge impose a sentence of not

less than "2 nor more than 30 days." It is, therefore, necessary that the six months' mandatory sentence imposed be vacated and the defendant remanded to the trial court for resentencing.

*By the Court.*—Judgment of conviction affirmed; the sentence is vacated and the defendant remanded for resentencing.