KURT L. LUTJEMEYER, THROUGH AND BY HIS FATHER AND NEXT FRIEND, ALBERT LUTJEMEYER, APPELLANT, V. EMMET J. DENNIS, JR., DIRECTOR OF DEPARTMENT OF MOTOR VEHICLES, APPELLEE.

180 N. W. 2d 679

Filed October 30, 1970. No. 37519.

Ryan & Snyder, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This appeal is from the action of the trial court in dismissing appellant's appeal from an order of the Department of Motor Vehicles revoking his motor vehicle operator's license.

Appellant raises three issues in this court:

1. Must the Director of the Department of Motor Vehicles personally sign the order of revocation and the notice of revocation, or can one of his designated employees perform this act in his name as a ministerial function?

2. Must an abstract forwarded to the Department of Motor Vehicles, pursuant to sections 39-794 and 39-795, R. R. S. 1943, state in unequivocal terms that the offense involved the use of an automobile?

3. Who has the burden of proof when a revocation is appealed to the district court, pursuant to sections 39-7,130 and 60-420, R. R. S. 1943?

Section 39-796, R. R. S. 1943, so far as material herein, provides: "To enable * * * the Director of the Department of Motor Vehicles punctually and economically to perform *his ministerial duties* in revoking or suspending operator's licenses * * *. In the administration of sections 39-794 to 39-796 or of any section of the Motor Vehicle Operators' License Act, the powers and duties conferred upon * * * the Director of the Department of Motor Vehicles, *his subordinates,* or his successors, with respect to the revocation or suspension of any operator's license or driving privileges *are ministerial in character.*" (Italics supplied.)

As can be seen from the above provision, the revoca-

tion of a license to operate a motor vehicle under the point system is a ministerial act. See Bradford v. Ress, 167 Neb. 338, 93 N. W. 2d 17.

Section 39-7,129, R. R. S. 1943, provides, so far as material herein: "Whenever it shall come to the attention of the Director of Motor Vehicles that any person has, as disclosed by the records of such director, accumulated a total of twelve or more points within a period of two years, as set out in section 39-7,128, the director shall summarily revoke (1) the license and privilege of such person to operate a motor vehicle in this state * * *."

From the above statute, it is apparent that the accumulation of 12 or more points within a 2-year period makes mandatory the suspension of the operator's license. See, Martindale v. State, 181 Neb. 64, 147 N. W. 2d 6; Durfee v. Ress, 163 Neb. 768, 81 N. W. 2d 148.

The order of revocation and the notice to appellant of the revocation were signed in the name of the Director of the Department of Motor Vehicles by the assistant division chief of the financial responsibility division, as follows:

"DEPARTMENT OF MOTOR VEHICLES

"EMMETT J. DENNIS, JR., Director

"By  Anne M. Hanks (Signed)

"Financial Responsibility

"Anne M. Hanks, Assistant Division Chief."

We have italicized the words "his subordinates" in the extract above from section 39-796, R. R. S. 1943, to point up the fact that the Legislature contemplated that the Director of the Department of Motor Vehicles would act through subordinates in the performance of ministerial duties. The undisputed testimony is that on a daily average the department receives approximately 1,000 abstracts on violations involving the loss of points for operators of motor vehicles. It is axiomatic that the director must function through the assignment of ministerial duties to subordinates if he is to effectively

administer the law, which has for its purpose not the punishment of the licensee but the protection of the public.  Durfee v. Ress, 163 Neb. 768, 81 N. W. 2d 148.

An examination of the motor vehicle law indicates that while it was the intention of the Legislature to clothe the Director of Motor Vehicles with specific administrative authority, properly designated subordinates may exercise that administrative authority in the name of the director.

The second issue raised by the appellant is whether the abstract forwarded to the Department of Motor Vehicles should state in unequivocal terms that the offense involved the use of an automobile.  Section 39-796, R. R. S. 1943, clearly states what the abstract of conviction must contain.  The five abstracts in the instant case fully complied with said section.  The appellant entered a plea of guilty to each of the five offenses.  Two of them, involving two points each, list the offense as follows:  "Violating auto signal."  Appellant's point seems to be that this does not specify that he violated an automatic signal while driving a car, suggesting that he could have done so as a pedestrian.  The difficulty with appellant's argument is that section 39-7,128, R. R. S. 1943, provides points only for violations involving the use of a motor vehicle, and there can be no question but that the points assessed herein were for the violation of an automatic signal while driving a motor vehicle.  Appellant did not attempt to dispute the record, but merely complains that the abstract was incomplete or misleading because it did not specifically specify that the violation was in connection with the operation of a motor vehicle.  There is no merit to this contention.  If there had been any question about it, appellant was not without remedy.

The last issue raised by the appellant is that the court erred in placing the burden of proof on him in the district court.  This is an appeal to the district court from the order of revocation entered pursuant to the statute.

Section 39-7,130, R. R. S. 1943, provides that a party aggrieved by an order of revocation may appeal in the manner prescribed by section 60-420, R. R. S. 1943, but that the appeal shall not suspend the order of revocation unless a stay is allowed by the judge of the district court. Section 60-420, R. R. S. 1943, provides for the filing of a bond in the office of the director, and makes it the duty of the director on payment of the costs to prepare a complete transcript of the proceedings concerning the revocation of the license. The party aggrieved must file his petition in the district court within 30 days of the filing of the director's order. He is also required to file the transcript of the proceedings before the director before answer day. The statute then provides that the district court shall hear the appeal as in equity without a jury, and determine anew all questions raised before the director.

The question raised by the appellant is as to who has the burden of proof. The appellant is designated as the plaintiff in the district court, and is contesting the revocation which is effective unless and until it is set aside on appeal in the district court. The appellant files the transcript of the proceedings before the director in the district court. We conclude that while the district judge determines anew all questions raised before the director, the burden of proof is on plaintiff-appellant, as determined by the district court.

For the reasons given, the judgment is affirmed.

AFFIRMED.