ROBERT L. WESTENBURG, APPELLANT, v. CARROLL WEEDLUN, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLEE.

193 N. W. 2d 566

Filed January 14, 1972. No. 38081.

A. James McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

Pursuant to the authority of section 39-7,129, R. R. S. 1943, the motor vehicle operator's license of plaintiff was revoked by the Director of Motor Vehicles for the accumulation of 12 points within a 2-year period. Plaintiff appeals from an order of the district court sustaining the revocation. We affirm the judgment of the district court.

Plaintiff contends that the director exceeded his statutory authority in assessing 3 points for a speeding violation which took place July 12, 1970. Under the pro-

visions of subsection (11) of section 39-7,128, R. R. S. 1943, the number of points assessed for a speeding violation depends on the extent which the applicable speed limit was exceeded; 3 points are assessed only where the speed limit was exceeded by more than 10 miles per hour. The abstract of conviction for the violation in question indicates that section 39-723, R. S. Supp., 1969, was violated, and describes the offense as follows: "Speeding; 72 MPH. at night by Vascar." Plaintiff contends that it is not possible to tell from the abstract to what extent the speed limit was exceeded, and that consequently the director could assess only the minimum of 1 point, rather than the maximum of 3. Had less than 3 points been assessed, plaintiff would not have an accumulation of 12 points, and his license could not have been revoked.

Subsection (1) of section 39-723, R. S. Supp., 1969, sets out the various speed limits on highways and roads: "(a) seventy-five miles per hour upon any part of the National System of Interstate and Defense Highways or upon any freeway as defined in section 39-1369, (b) sixty-five miles per hour between the hours of sunrise and sunset, and sixty miles per hour between the hours of sunset and sunrise, upon any concrete, brick, macadamized, or other hard-surfaced highway, or upon any other highway that is part of the state highway system, or (c) fifty miles per hour upon any gravel, dirt, or other highway or road that is not hard surfaced, except upon any highway that is a part of the state highway system."

The abstract in question shows that the plaintiff was going 72 miles per hour "at night." It is apparent, therefore, that he was not on an interstate or other freeway, because speeds of 75 miles per hour are permitted night and day on such roads. For either of the remaining classes of roads with which the statute deals, a speed of 72 miles per hour at night would exceed the speed limit by more than 10 miles per hour, thus re-

quiring an assessment of 3 points against the driver's license of the offender.

The plaintiff contends that the director's power is purely ministerial and that, therefore, he is forbidden to indulge or apply the above analysis and interpretation. In other words, he says that the director's ministerial duties blind him from anything but the four corners of the above abstract. Of course, the duties of the director to assess points and to revoke licenses are ministerial. § 39-796, R. S. Supp., 1969; Lutjemeyer v. Dennis, 186 Neb. 46, 180 N. W. 2d 679.

The various statutes involved require the director to relate the reports of convictions in abstracts to the applicable law. He cannot, in performing his duty, assess the points in a void. A common sense reading of the statute, in light of the information supplied here, would lead to no other conclusion than that the director was required to assess 3 points for speed in excess of 10 miles per hour above the speed limit. The assessment of 3 points, therefore, was ministerial in nature only. It was neither necessary nor required that the court submitting the abstract recite the particular section of the statute applicable.

In Lutjemeyer v. Dennis, *supra*, this court rejected a contention that an abstract of conviction which described the offense as "violating auto signal" was insufficient because it did not specify that this had been done while driving a motor vehicle.

The contentions of the plaintiff are without merit. The judgment of the district court is correct and is affirmed.

AFFIRMED.