FRANCIS J. MELANSON, APPELLANT, v. STATE OF NEBRASKA, DEPARTMENT OF MOTOR VEHICLES, ET AL., APPELLEES.

197 N. W. 2d 401

Filed May 12, 1972. No. 38250.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

This is an appeal from an order of the Director of the Department of Motor Vehicles revoking the driver's license and operating privilege of the plaintiff for 1 year under section 39-7,129, R. R. S. 1943. The plaintiff appeals from an order of the district court affirming the order of the director.

The record shows the plaintiff was convicted of 4 charges of speeding and 1 charge of following another vehicle too closely within a period of 2 years. The director assessed a total of 11 points on the speeding charges and 2 points on the charge of following another vehicle too closely. The plaintiff contends there is no basis upon which the director could assess more than 1 or 2 points for each speeding conviction because the offense consists only of exceeding the applicable limit and the amount by which the limit was exceeded is not an element of the offense.

Under section 39-7,128, R. R. S. 1943, the points assessed by the director for a speeding violation are determined by the amount by which the limit was exceeded. Westenburg v. Weedlun, 187 Neb. 679, 193 N. W. 2d 566. One point is assessed if the driver did not exceed the limit by more than 5 miles per hour; 2 points if his speed was more than 5 but not more than 10 miles per hour over the limit; and 3 points if his speed exceeded the limit by more than 10 miles per hour.

The precise amount by which the limit was exceeded is not an essential element of the offense of speeding. To support a conviction for speeding it is necessary only that the evidence show the limit was exceeded. But the point system statute requires an additional finding by the magistrate or judge in a speeding case and this finding is to be included in the abstract of conviction sent to the director. This is apparent when the applicable sections are considered and construed together. It is a part of the "necessary information" as to "the nature of the offense" which is to be included in the abstract for conviction report. § 39-796, R. S. Supp., 1969. See, Richard v. Holliday, 261 Iowa 181, 153 N. W. 2d 473; State v. Bookbinder, 82 N. J. Super. 179, 197 A. 2d 35; Chappelle v. Board of Commissioners of District of Columbia (Muni. Ct. of App., D. C.), 110 A. 2d 697.

All of the speeding convictions involved in this case were based upon pleas of guilty. Each complaint charged a particular speed in excess of the applicable limit. The complaints alleged 70 miles per hour in a 60-mile-per-hour zone; 78 miles per hour in a 65-mile-per-hour zone; 46 miles per hour in a 30-mile-per-hour zone; and 48 miles per hour in a 30-mile-per-hour zone. The plea of guilty to each charge permitted a finding conforming to the allegations of the complaint. Stewart v. Ress, 164 Neb. 876, 83 N. W. 2d 901.

The abstracts which are in evidence show findings based upon the complaints and the pleas of guilty. Upon

receipt of the abstracts showing an accumulation of 12 or more points within 2 years, the director was required to suspend the plaintiff's license and operating privilege. Westenburg v. Weedlun, *supra*.

The judgment of the district court was correct and it is affirmed.

AFFIRMED.