RODNEY V. JARMIN, APPELLEE, v. JOHN W. KISSACK, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLANT.

208 N. W. 2d 675

Filed June 15, 1973. No. 38927.

Clarence A. H. Meyer, Attorney General, James J. Duggan, and Herbert T. White, for appellant.

C. L. Robinson of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-Cown, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The plaintiff's driving privileges were revoked by the Director of Motor Vehicles under the point system on April 5, 1972. The plaintiff then appealed to the District Court, alleging the evidence before the Director did not sustain a finding that he had accumulated 12 or more points within a 2-year period as provided in section 39-7,129, R. R. S. 1943. The trial court found generally for the plaintiff and reversed the order of the Director. The Director has appealed to this court.

The controversy centers around the interpretation of two abstracts of conviction. On January 4, 1971, the plaintiff was convicted of speeding in the county court of Kearney County, Nebraska. The abstract recites: "Speeding 79 MPH Day." On March 20, 1972, the plaintiff was convicted of speeding in the county court of Holt County, Nebraska. The corrected abstract recites "Speeding - Day, to-wit: 75.0 miles per hour." The Director assessed a total of 5 points for these convictions. The trial court found the Director should have assessed only 1 point each for these convictions, thus reducing the total points accumulated by the plaintiff from 13 to 10.

The plaintiff contends it was not possible for the Director to ascertain the applicable speed limit from the abstracts for the Kearney County and Holt County convictions. If that were true, the Director should have returned the abstracts for correction because the abstracts should show the amount by which the applicable speed limit was exceeded. Melanson v. State, 188 Neb. 446, 197 N. W. 2d 401.

Under the point system the Director of Motor Vehicles is required to interpret abstracts of conviction in accordance with the laws regulating the use and opera-

tion of motor vehicles. Westenburg v. Weedlun, 187 Neb. 679, 193 N. W. 2d 566.

In this case the abstracts were sufficient to permit the Director to assess the correct number of points. At the time of the Kearney County offense, the statute prescribed a limit of 65 miles per hour during the daytime and 60 miles per hour during the nighttime on a state highway other than the interstate or a freeway. § 39-723, R. R. S. 1943. The word "day" in the abstract signified a 65-mile-per-hour limit. The Director was correct in assessing 3 points for the Kearney County conviction.

At the time of the Holt County offense, the statute had been amended to prescribe a 65-mile-per-hour limit for both daytime and nighttime on state highways other than the interstate or a freeway. § 39-723, R. S. Supp., 1972. However, if the plaintiff had been driving on the interstate or a freeway, the applicable limit would have been 75 miles per hour and, presumably, there would have been no offense. See Westenburg v. Weedlun, *supra*. Consequently, it was proper for the Director to assess 2 points for the Holt County conviction.

The judgment of the District Court is reversed and the cause remanded with directions to enter a judgment affirming the order of the Director of Motor Vehicles.

REVERSED AND REMANDED WITH DIRECTIONS.

SMITH, J., participating on briefs.