STATE OF NEBRASKA, APPELLEE, v. BOBBY J. DEDMOND, APPELLANT.

267 N. W. 2d 774

Filed July 19, 1978. No. 41773.

Thomas M. Kenney, Douglas County Public Defender, and Daniel K. Powers, for appellant.

Paul L. Douglas, Attorney General, Gary P. Bucchino, and Richard M. Jones, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and HASTINGS, District Judge.

McCOWN, J.

The defendant was found guilty in the municipal court of Omaha of operating a motor vehicle during a period in which his operator's license was suspended, second offense. He received the mandatory sentence of 6 months imprisonment in the county jail, and his operator's license was ordered suspended for a period of 2 years. The conviction was affirmed by the District Court for Douglas County on appeal, and the defendant has appealed to this court.

The defendant was arrested on July 29, 1976, in Omaha, Nebraska, and charged with operating a motor vehicle during a period of license suspension, second offense. He was released on his own recognizance, failed to appear for trial on August 24, 1976, and an arrest warrant was issued, but was not executed until August 2, 1977. He was tried in the municipal court in September 1977.

The complaint for the offense of July 29, 1976, named the defendant as Bobby J. Dedmond, and the defendant signed all documents executed by him in that name up to and including his appeal to the District Court. At the trial the prosecution offered into evidence copies of suspension orders of the Department of Motor Vehicles. The court sustained defendant's objections to admission of the documents because they were not signed or certified. Exhibit 3 was then introduced and received in evidence. Exhibit 3 is a duly certified and authenticated copy of a judgment of the municipal court of Omaha. It shows

that Bob J. Dedmond was found guilty of operating a motor vehicle during a period of license suspension, second offense, on October 3, 1975; that he was sentenced to 180 days in the county jail; and that his operator's license was ordered suspended for a period of 2 years from the time of his discharge from custody. It also shows that he was committed to jail until sentence was satisfied.

The sole contention on appeal is that exhibit 3 was insufficient to prove beyond a reasonable doubt that the operator's license of the defendant was suspended on July 29, 1976.

The defendant's contention is virtually foreclosed by the case of State v. Applegarth, 196 Neb. 773, 246 N. W. 2d 216. In that case we held that an authenticated record certifying the suspension of an operator's driving privilege is prima facie sufficient to establish identity for a person with the same name in the absence of any denial or contradictory evidence. Under the circumstances here, it borders on the frivolous to contend that a nickname such as "Bob" and its diminutive "Bobby" constitutes a variance sufficient to raise a reasonable doubt that an individual designated by one of those nicknames is not the same individual as one designated by the other nickname, when both have the identical middle initial and surname. The surname Dedmond is not a usual or common name and there is no indication of any unusual factors on the issue of identity. Neither is there anything to contradict the evidence of identity in exhibit 3.

Technically speaking, the judgment orders the suspension of an operator's license, and the order of suspension is executed by the Director of Motor Vehicles. The defendant asserts that there is no proof that the judgment was not appealed from, or was officially executed and carried out. The action of the Director of Motor Vehicles is a purely ministerial act. See Lutjemeyer v. Dennis, 186 Neb. 46, 180 N.

W. 2d 679. There is also a presumption that officials will carry out their official duties. There is no intimation anywhere in the record that the judgment shown by exhibit 3 was not executed and carried out in accordance with its terms. It is obvious that verification by a witness on the issue of identity is preferable. Careful handling and presentation of the evidence would have avoided the problem here. Nevertheless, the record supports a holding that an authenticated record of a prior judgment ordering the suspension of a motor vehicle operator's license of a defendant with the same name is prima facie sufficient to° establish identity in a prosecution for operating a motor vehicle during a period of suspension of an operator's license, in the absence of any contradictory evidence. See State v. Mullis, 81 Wis. 2d 454, 260 N. W. 2d 696.

The judgment of the District Court is affirmed.

AFFIRMED.